GEORGE S. WYNN APPEARING FOR APPELLANTS NANCY WENG APPEARING FOR APPLELEE all right would the appellant like to reserve any time yes please if i may reserve five minutes all right uh five minutes um you may begin okay well your honorable judges have read the brief so you know what it's about and what i would like to emphasize i think is uh what we regard as being the bad faith nature of the bankruptcy filing as you know it was uh filed on easter sunday night with a skeletal chapter 13 petition and the attorney for the debtor alleged that there was an emergency the petition had to be filed electronically on easter sunday night because there was a court hearing scheduled in the state court in san mateo county that would have happened the following day on monday in which the court likely would have adopted its tentative ruling of the uh friday before in which the state court had ruled that the property located at uh 9 east carroll avenue in burlingame that my clients the judgment creditors were trying to bring to sale uh was not uh the debtor's homestead he wasn't a time not a bankruptcy debtor but they had the judge had ruled in his tentative ruling that the property located in burlingame was not the judgment debtors homestead under california law and as was commented upon in the briefs uh the debtor had stated that he stayed occasionally in the back building on that property he didn't say that he and his wife did and he never claimed at that time that that was his homestead but uh in his petition that he filed on april the 4th he stated that the burlingame property was his homestead and uh i believe that that was just an attempt to have california's very generous homestead exemption applicable to that property uh anyway i believe that was a false representation and it's just one of many items that rang untrue in the debtor's voluntary petition filed on that easter sunday evening he also stated in that petition that his debts were primarily consumer debts and that he didn't have any self-operated business but his later schedules filed about a month after that showed that he did indeed have a business in fact except for his rental income on all of his various rental properties he claimed that his income was a little bit from social security but mostly from operating a sole proprietorship business called gavin construction and uh although he stated in his voluntary petition that he had no such income from a self-proprietorship business uh turned out in his later schedules and declarations he had thousands of dollars of income and the figures did not match on the various schedules the different figures didn't match up with each other that's all covered in the briefs but the uh it's not clear that mr gavin needed to be in bankruptcy at all he had very few unsecured debts why is that why he stopped a state court proceeding that appeared to be the primary very focus of his um of his bankruptcy filing but isn't that a legitimate concern i mean most not a debtors don't want to go through expensive litigation they rather just get to reorganization well it's not at all clear what he needed to reorganize well he didn't stop you it sounded like well preventing the creditors from executing on his real property and satisfying the debt is not reorganization oh but let's let's tease that out a little bit because my understanding of bankruptcy is it allows a little more leverage for the debtor in this if they can isn't you know and it's unclear to us what's happening in the 11 but you know it's still going on so you know isn't that what's going on here yes in the 11 he is proposing to do that he is proposing to to make payments on on the judgment debt and interest he hasn't yet allowed for all the additional factors and costs involved in that but just basically on the judgment debt and the allowed costs by the court so far he is proposing in his chapter 11 proposed plan to pay those back over a 60 month period council is uh is the confirmation hearing still set for the 25th of february no it has been moved to a date in april i believe april 15th which leads to another issue that we're concerned about and that is that the orders that you're seeking to have us review are the denial of your motion to dismiss the granting of the motion for conversion and the denial of your motion for sanction and what we're not sure about is whether those are final orders as opposed to the fact that there's given the fact that there's a potential confirmed plan that could ultimately determine if you win and you don't get the confirmation then that those issues might become final if the plan is confirmed the question becomes whether they become mooted and at this stage are those final decisions final orders the denial of dismissal the denial of sanctions and the granting of a conversion well i don't know your honor you're more schooled in this than i am but i don't know why any of those orders would not be final orders in particular the uh the denial of the motion for sanctions appears to me to be a final order because um the issue of whether or not the debtor and his counsel violated rule 9011 is a definite thing that comes to a conclusion at that time it is subject yes you're wrong well no no i was going to suggest i'm sorry i was going to suggest that that 9011 which addresses bad faith could also be addressed at the at the time that you're looking at confirmation of the proceed through the process to say look all the way through this has been bad faith and 9011 sanctions could still be imposed that's number one on the on the question of the dismissal that you could still raise the dismissal if the plan isn't confirmed and so that order doesn't remain as as absolutely final at this stage of the proceedings since it's not precluded later and uh and the decision to convert would depend upon whether or not he can confirm a plan because if he if he ultimately doesn't confirm the plan you may get conversion or dismissal of the case at that point so those are the issues that we're wrestling with in with regard to whether or not this is final determination okay i can see how that's a concern your honor thank you um the point i think i would like to make is that the bankruptcy court should not just permit such fast and loose playing with the bankruptcy system as filing a chapter 13 petition for which the debtor was obviously unqualified his secured debts were three and a half times the limit you're arguing this was not a mistake i'm sorry your honor i didn't understand that question well you as the backdrop is you know you've indicated this case was filed as a skeletal petition on easter sunday uh debtors council has submitted declaration he wasn't able to to obtain any further information given the time constraints on the holiday and all that so what i want to understand is do you just disagree with that or are you saying that there's facts that show that this was more than just a error this was truly bad faith as in you know some ill ill-conceived attempt because not every error can be bad faith can it no that's right your honor but here's a case uh where the debtors council is supposed to at least well he should do a thorough review of the debtor's finances prior to filing but at least he ought to do a cursory one and it would have only required two minutes on the telephone for council to say what's your situation on real property do you have real properties and do you have secured debts and the debtor would have said yes well i have four real property where is that in the record though because the record is fairly thin but the only thing that i see is the debtor declaration that said you know that that the client was recovering from surgery it was emergency it was holiday needed to be filed before you know monday so that you didn't waste everybody's time um and i guess to compound the questions isn't this a question of fact that judge montale decided i'll repeat that last question please your honor it seems like you i understand your client has a view of this but it also seems like this is a factual question that judge montale reviewed the evidence that was presented by the declaration wasn't really controverted and concluded that it was an error especially given the quick flip into conversion and the filing of the schedules there wasn't that much said about it in the record before judge montale uh but the um the argument that debtor's council repeatedly made and continues to make is that it was some sort of an emergency that the san mateo court was about to enter an order for the sale of the debtor's real property and that was just specious i don't know if that's necessary and you're at three three and a half minutes i did you reserve time i can't remember actually uh yes i i'm not sure is this clock um including my reserve time here and i'm about to run out completely yes you've got about three and a half minutes left so if you want to reserve the rest you can all right well i i can keep my reserve time short but i just want to say that this idea that there was an emergency because the court was about to enter an order was just foolish because the order wouldn't have resulted in the sale of the property not immediately it would have had to be sent to the sheriff and this and that would have had to happen it would have been a couple of months before it came to sale leaving ample time for the debtor and his council to go over things so i'll stop right there thank you i'm sorry can i can i begin yes okay thank you um i i don't want to rehash too much of what's in the papers i know your honors have spent some time looking at it um just just to kind of reply to mr win's response on whether or not it was an emergency coming out of coming out of the gate and filing it as a 13 and not as an 11 the debtor did have three other properties that were facing foreclosure at that time we would have had to run title reports to really do due diligence it's not a two-minute conversation with the debtor we're running title reports credit reports we have to match all of that up with along with finances and there's a record um it is in the docket or it's it's in um i believe it is in one of the declarations that there were three other properties in foreclosure and as to the sanctions or or just something else um as to the the allegation of bat as the bat of the bad faith filing so that would have been in the sanctions and the request for sanctions that this was filed um so there were there were other properties um it was not just the property that mr win was trying to have a share of sale on the the motion to convert once once uh our we thought we found out that we were over the 109 e limits um came just five days after the initial filing so the filing was on april the 4th and the motion to convert was on april the 9th and that was done notice and opportunity to object and so mr wins had plenty of time um to object to that and judge montale found that it was proper to convert at that time and one thing that um i do want to mention is if if mr wins had gotten his motion to dismiss and the case would have been dismissed uh we we would have just refiled it as an 11 anyway so i i'm not really sure why that would even be um would it would come up for appeal because we would be in the exact same position had he gotten that motion to dismiss we would have refiled it as an 11 um the plan right now is conditionally approved on the debtors having to do some tax uh returns because there are tax issues in this case that also arose um after the fact so this case is on track for being about $177,000 right now at 10 state court interest just like he would have if this what if it had stayed in 13 and the only reason why i did not say chapter 13 was really because those other three properties pushed it over the debt limits um the result would have been absolutely the same there is no prejudice whether that motion to dismiss was granted or not or or denied and we a little bit of a waste of judicial resources and us having to go through this exercise again had had we were filed when we could have just converted very early on in the case uh regarding uh the good faith i i think you know i touched on that a little bit but the inray levitt factors are are pretty substantial in that there was there's no lack of transparency here um nobody was was hiding it to try to play games or any shenanigans and to delay state court um litigation the state court this debtor has only filed one bankruptcy and that's this one he wasn't a repeat filer he was not consistently trying to thwart mr win's client in state court by delaying things just to get kicked back i know we've and those are the scenarios i think um in rate levitt really the case of in rate levitt really um um contemplates when when assessing bad faith so again i think judge mentale he he had a very thoughtful uh response to that and he just did not find that filing something because there was a share of sale tax problems and three other properties that were up for foreclosure and in default was not something uh was not bad faith because the debtor needed a reorganization and a big one at that it was it was a large reorganization um the plan that is in the files will show that we were able to get stipulations with three of the mortgage uh lenders where he was in default to modify the loans to put the arrears into the back end where he would be able to keep those properties the the taxes that were that were assessed hundreds of thousands of dollars we are cleaning that up that was worked on so this this case really isn't just about mr win's um mr win's judgment and you know i'll say again that mr wins is going to get 100 on his judgment there's just there's just no i'm just not exactly sure um how he is prejudiced by has he and his clients objected to confirmation no there was no objection to the disclosure statement this disclosure statement was approved and there is no objection to the confirmation at this point council can you address the question that we that i raised about the mootness issue about whether or not these are final orders would you would the debtor support the concept that we grant leave and resolve this question so because you've already briefed it and we're so far along the line this way yes i would agree to that your honor i i'm not a hundred percent sure however i agree with you i don't think that the orders become final until there is a confirmation order and then at that orders i think there's two weeks and then it becomes a final order so the order can be held for two weeks and and there's a um a notice that there's going to appeal then you know that stops everything but i don't they're not final orders at this point if something happens and this case gets dismissed i think your honor's right everything just becomes moot but as i mentioned there is no confident that this case will be confirmed on in april so i i have no problems with um we we have absolutely no objection to what your honor just suggested all right well let's talk about the motion for sanctions for a moment because that one has a little different feel you know the requirement is that would be frivolous baseless and file for an improper purpose and somewhat of scale and in this case the problem is is that it was just wrong um so i mean how how do you respond to that and mr wins says that you know really doesn't take a whole lot to just ask about the real property um and the situation how does that factor into how we should view this motion for sanctions and the decision of course of course your honor and um mr wins is not wrong it it wouldn't when we're dealing with debtors who have perhaps one one piece of real property and some credit card debt we can run those reports fairly quickly we can run it we can run a title we can run a credit report however in this case we were dealing with three pieces of property various liens various judgment liens that may not show up and also um having to run the credit report and i remember this case very well at the time that we filed it because we were all at home we all had to run into the office and beat either some type of foreclosure sale date or we were under the impression by the debtor that there was a share sale that was going to happen the very next morning and so we had to get a case number and get it into either fax it into either the trustee sale uh foreclosure people or the the santa clara uh the state court to stop any type of sale of the debtor's real property now he does live there part-time however i'm not very sure how much your honors would like him to elaborate on that um simply because there there's no discount that we if he took the homestead exemption whether he lived there or not um there's no discount as to mr wind or any other of the unsecured creditors claims everybody is getting paid in full including all the secured mortgage lenders and the unsecured creditors with interest and i think the debtor is allowed the debtor is allowed to do that under the bankruptcy code is reorganized in a way where he does not lose real property especially where he someplace where he does live albeit the garage and and pay in full with interest and i and i'll just i'll just um i'll just just one more thought on that it's just um you know as soon as soon as we got in on monday on that monday morning in the office um everybody it was all hands on deck and we we we really looked at this hard and that's why we filed um we had a motion ready to go within three days because we and all the schedules uh ready to go to make sure that they were accurate and the court and they were transparent and the court could get a very after the filing after the skeletal filing so nothing had been put up yet other than it being in the wrong chapter in chapter 13 because he was over the debt limits and i thought i'm and i'll just i'll just say with all of these uh the the 11 sanctions the motion to dismiss and everything that's on appeal i mean judge monts holly he he has judicial discretion to take these facts under submission under 105 and he you know i i believe that his reasoning was well thought out and it was it was the correct way great to handle this case i'll submit on that your honors thank you all right thank you all right mr wins you have a couple of minutes left thank you one thing that we did not cover is the fact that judge montale decided to deny the motions and grant conversion without a hearing and this was covered in the brief so i don't need to say any more about it what was going to happen differently well well i don't know what would happen differently but he was obligated to give a hearing on it he couldn't grant conversion without a hearing that's the law well were you were you going to present live testimony at the hearing or was it you're just going to argue um i don't know what we would have presented at the hearing there might have been some live testimony um but um it would have given us an opportunity to argue about the bad faith it was clearly um something that the debtor and his counsel should have known that he didn't qualify for chapter 13 when he filed that's the difference between a error a mistake and bad faith how can you call it a mistake when he knew how much property he had and he knew roughly how much secured debt he had and yet he and his counsel went ahead and filed with chapter 13 that's a bad faith and then if you look at the rest of it and if you look at schedules and his position there are so many errors and inconsistencies in there that were never attempted to be corrected but the debtor seems to be miss wang saying that the debtor is proposing a hundred cent plan a full payment plan is that your understanding of the plan that is correct your honor i just and you haven't objected to it that correct uh we didn't object to for technical reasons we felt that we were standing on our position that the bankruptcy should have been dismissed and it was erroneous for judge montale just to grant conversion so a sole practitioner only has a limited amount of time your honor well that's that's somewhat ironic in this case uh so because because the debtor's lawyer is giving the same argument as to why they filed inappropriately the wrong petition i mean you know it's yeah it's they only had so much time for prayer and they only had so much investigation they could conduct and had to rely upon representations made by the debtor initially and what's confusing here is your argument on bad faith is one that you would take to the court if you really believe this plan was unfair and didn't want to have confirmed you'd be continuing to raise that argument but you haven't which tends to mean that your your client realizes they're going to get paid in full at some point in time and they don't want to really fight about something like bad faith at this stage of the proceedings just it just militates against your position i guess what i'm concerned about thank you your honor i just wanted to say that i don't think that it's proper for the bankruptcy court to allow an obviously false in many respects petition even though he could have probably done a chapter 11 in the first place being taken at its time and done it there was no emergency that was all a bunch of foolishness uh so it's in your hands now your honors thank very much we appreciate it thank you thank you thank you all for your good arguments this matter will be submitted
judges: BRAND, SPRAKER, GAN